IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INSTINET INCORPORATED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. _____ |
| ) | |
| WEBVENTION HOLDINGS LLC and ) | **JURY TRIAL DEMANDED** |
| WEBVENTION LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Instinet Incorporated ("Instinet"), files this Complaint for Declaratory Judgment against Defendants Webvention Holdings LLC and Webvention LLC (collectively "Webvention") and alleges as follows:

### THE PARTIES

1. Instinet Incorporated is a Delaware corporation having a principal place of business at 1095 Avenue of the Americas, New York, NY 10036.

2. Instinet is a financial services company that develops and provides access to electronic trading products among other financial services.

3. Upon information and belief based on publicly available documents, Webvention Holdings LLC is a Delaware limited liability company and the parent company of Webvention LLC. Webvention Holdings LLC can be served with process through its registered agent, Business Filings Incorporated, 108 West 13th Street, Wilmington, Delaware 19801.

4. Upon information and belief based on publicly available documents, Webvention LLC is wholly-owned by Webvention Holdings LLC and is a Texas limited liability company with its principal place of business at 505 East Travis Street, Suite 209, Marshall, Texas 75670.

Webvention LLC can be served with process through its registered agent, Capitol Corporate Services, Inc., 800 Brazos Street, Suite 400, Austin, Texas 78701.

5. Upon information and belief based on publicly available documents, Webvention LLC is the owner and assignee of U.S. Patent No. 5,251,294 ("the '294 Patent") entitled "ACCESSING, ASSEMBLING, AND USING BODIES OF INFORMATION," which issued October 5, 1993. A true and correct copy of the '294 Patent is attached hereto as **Exhibit A**.

6. According to the Certificate of Formation of Webvention LLC dated November 3, 2009, Webvention Holdings LLC is the manager of Webvention LLC.

7. According to the Agreement and Plan of Merger dated November 9, 2009, through which, upon information and belief based on publicly available documents, Webvention LLC obtained the '294 Patent, Webvention Holdings LLC is the agent of Webvention LLC.

8. According to the Agreement and Plan of Merger, "Webvention Holdings LLC, a Delaware LLC is the sole member of each of the Constituent Companies" Ferrara and Webvention.

9. According to the Agreement and Plan of Merger, "As of the effective date of the merger Webvention Holdings LLC shall remain the sole member of the surviving company" Webvention LLC.

10. Upon information and belief based on publicly available documents, Webvention Holdings LLC executed the Agreement and Plan of Merger as the only manager and member of Webvention LLC.

## JURISDICTON AND VENUE

11. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), in that it involves substantial claims arising under the United States Patent Act, 35 U.S.C. § 1 *et. seq.*

12. This Court may declare the rights and other legal relations of the parties pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, because this case presents a case of actual controversy within this Court's jurisdiction. More specifically, this Court may declare, pursuant to the Federal Declaratory Judgments Act, that Instinet does not infringe the '294 Patent and/or that the '294 Patent is invalid.

13. Webvention Holdings LLC is subject to personal jurisdiction in Delaware because Webvention Holdings LLC has submitted itself to the jurisdiction of courts in Delaware by virtue of its incorporation under Delaware law.

14. Upon information and belief, Webvention LLC is subject to personal jurisdiction in Delaware because, *inter alia*, Webvention Holdings LLC, which is incorporated in Delaware, is the parent of Webvention LLC, is the agent of Webvention LLC, exercises control over Webvention LLC, is the sole member of Webvention LLC, and created Webvention LLC for the purpose of owning and enforcing the '294 Patent.

15. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c).

### THE PRESENCE OF AN ACTUAL CONTROVERSY

16. On August 31, 2010, Todd Schmidt of Webvention LLC sent a letter to Anthony Abenante of Instinet Incorporated. A true and correct copy of the letter is attached hereto as **Exhibit B**.

17. In its August 31, 2010 letter, Webvention enclosed a "claim chart demonstrating how the website [www.Instinet.com] utilizes claims 28, 37, and 40 of the '294 patent."

18. Instinet is the registrant of, operates, and has control over or rights to the contents of www.Instinet.com.

19. Webvention's August 31, 2010 letter continued: "The screen shots used in the charts are representative only. In addition to the charted claims, you should consider claims 29, 31-33, 41-44, 47, 53, 55, and 64. Depending on how the website was constructed, claims 1-8, 12-21, and 78 may also be utilized during the design and programming of the website, as well as other internal systems to organize and access information."

20. Webvention's August 31, 2010 letter further stated that "[f]or the next 45 days, Webvention is willing to license the '294 patent for a one-time, fully paid-up licensing fee of $80,000.00 for a non-exclusive, company-wide right to use Webvention's technology. The details of Webvention's license are set forth on the enclosed license agreement."

21. Upon information and belief, Webvention LLC is solely a licensing entity, and without enforcement, it receives no benefits from the '294 Patent.

22. Upon information and belief, Webvention LLC has no intent to manufacture or market any apparatus or method according to the '294 Patent and exists solely to extract ransom from wrongfully accused infringers of the '294 Patent, such as Instinet.

23. On July 20, 2010, Webvention LLC filed a lawsuit in the Eastern District of Texas against 19 companies alleging infringement of the '294 Patent. The case is styled *Webvention LLC v. Abercrombie & Fitch, Co., et al.*, C.A. No. 2:10-cv-253-TJW.

24. On October 5, 2010, Webvention LLC filed another lawsuit in the Eastern District of Texas against 20 additional companies alleging infringement of the '294 Patent. The case is styled *Webvention LLC v. Adidas America Inc., et al.*, C.A. No. 2:10-cv-410-TJW.

25. An actual controversy exists between Instinet and Webvention with respect to whether Instinet's website www.Instinet.com infringes the '294 Patent.

26. Instinet reasonably believes that, under all the circumstances, there is a substantial controversy between Instinet and Webvention of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

## COUNT I

### DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '294 PATENT

27. Instinet hereby restates and re-alleges the allegations set forth in the above paragraphs and incorporates the allegations by reference.

28. Instinet does not presently infringe, nor has it ever infringed, any valid or enforceable claim of the '294 Patent, either via its website www.Instinet.com or otherwise.

29. Instinet is not liable to Webvention because Instinet fails to practice, *via* its website www.Instinet.com or otherwise, each and every limitation of any valid or enforceable claim of the '294 Patent.

## COUNT II

### DECLARATORY JUDGMENT OF INVALIDITY OF THE '294 PATENT

30. Instinet hereby restates and re-alleges the allegations set forth in the above paragraphs and incorporates the allegations by reference.

31. Upon information and belief, Instinet is not liable to Webvention for infringement of the '294 Patent for the reason that the '294 Patent is invalid. More specifically, the '294

Patent is invalid for failure to comply with one or more of the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103, 111, 112, 115, 116, 132, 251, 252, 253, 287, and 288.

32.     Upon information and belief, the '294 Patent is invalid for the reasons set forth in the Request For *Ex Parte* Re-Examination of the '294 Patent filed with the USPTO and assigned control number 90/011,208 by the United States Patent And Trademark Office (USPTO).

33.     Upon information and belief, the '294 Patent is invalid for the reasons set forth in the Request For *Ex-Parte* Re-Examination of the '294 Patent filed on September 13, 2010 and assigned control number 90/011,229 by the USPTO.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Instinet prays that:

A.     This Court declare that Instinet does not infringe the '294 Patent;

B.     This Court declare that the '294 Patent is invalid;

C.     This Court enter judgment declaring that this case is exceptional, and that Instinet is entitled to recover its costs and reasonable attorneys' fees incurred in this action, pursuant to 35 U.S.C. § 285; and

D.     Instinet be awarded such other and further relief as this Court deems just and proper.

**DEMAND FOR A JURY TRIAL**

Instinet hereby demands a trial by jury in this action on all issues triable by a jury.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Ian G. DiBernardo
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY  10038-4982
(212) 806-5483

By: /s/ Philip A. Rovner
    Philip A. Rovner (#3215)
    Jonathan A. Choa (#5319)
    Hercules Plaza
    P.O. Box 951
    Wilmington, DE  19899-0951
    (302) 984-6000
    provner@potteranderson.com
    jchoa@potteranderson.com

Dated:  October 15, 2010
986279

*Attorneys for Plaintiff*
*Instinet Incorporated*